IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRELIJAH J. MUHAMMAD, a/k/a         *
MARCUS ORLANDO TATE, a/k/a          *
MARCUS ORLANDO TAITE, a/k/a         *
DR. ELIJAH JOSHUA MUHAMMAD, II,     *
# 180664,[1]                        *
                                    *
    Plaintiff,                      *
                                    *
vs.                                 *   CIVIL ACTION 18-00501-TFM-B
                                    *
RANCE REEHL COLDWELL BANK           *
REAL ESTATE, *et al.*,              *
                                    *
    Defendants.                     *

**REPORT AND RECOMMENDATION**

Plaintiff Drelijah J. Muhammad, who is proceeding *pro se* and is seeking leave to proceed *in forma pauperis,* filed the instant action against Rance Reehl Coldwell Bank Real Estate and others. (Docs. 1, 2). The action has been referred to the undersigned for appropriate action pursuant to United States District Judge Moorer's Order dated January 10, 2019 (Doc. 6), 28 U.S.C. § 636(b)(1)(B), and S.D. Ala. GenLR 72(a)(2)(R). Upon review of the complaint as amended and Plaintiff's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff is barred from

---

[1] The Alabama Department of Corrections' website lists these aliases and others for Marcus Taite, AIS # 180664.

proceeding *in forma pauperis* and he did not pay the filing fee at the time he filed this action.

**I.   28 U.S.C. § 1915(g) and Plaintiff's Litigation History.**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007).

Because Plaintiff sought leave to proceed *in forma pauperis*, the Court reviewed the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama to determine whether he has three or more actions or appeals that

were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From those dockets, the Court discovered that Plaintiff has had at least three actions dismissed for one of the foregoing reasons, namely, Marcus Orlando Taite v. Haley, et al., CA 02-0034-MHT-CSC (M.D. Ala. Apr. 18, 2002); Marcus O. Tate, et al. v. Keahey, et al., CA 02-00734-BH-S (S.D. Ala. Feb. 11, 2003); Marcus Tate v. Lawson, CA 06-01779-RBP (N.D. Ala. Nov. 17, 2006); and Tate v. Nationalist Gov. Sovereign Inhabitants, CA 18-00077-KD-B (S.D. Ala. June 19, 2018). In addition, Plaintiff has had other actions dismissed pursuant to 28 U.S.C. § 1915(g), for example, Tate v. Bass, et al., CA 07-00305-KD-C (S.D. Ala. June 22, 2007); Tate v. Bass, CA 07-1093-MHT (M.D. Ala. Jan. 15, 2008); Tate v. Marshall, et al., CA 09-0222-TMH-CSC (M.D. Ala. Apr. 23, 2009); and Tate v. Hayward, et al., CA 10-1710 KDE-DEK (E.D. La. June 15, 2010). Thus, the present action is due to be dismissed unless Plaintiff can satisfy the exception to § 1915.

**II. Section 1915(g)'s Exception.**

The exception to § 1915(g) requires that Plaintiff show that at the time of the complaint's filing, he was "under imminent danger of serious physical injury." See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding that the imminent danger

3

of serious physical injury must be faced at the time the complaint is filed, not at a prior time); Adbul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001).

To meet § 1915(g)'s exception, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury . . . ." Ball v. Allen, 2007 U.S. Dist. LEXIS 9706, at *4, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007).  Plaintiff has not done this.

In Plaintiff's § 1983 complaint, as amended (Docs. 1, 2, 5), he directs his disjointed allegations against two businesses, Rance Reehl Coldwell Bank Real Estate and the Insurance Corporation of Rance Reehl.  He asserts that specific tracts of land in Daphne and Fairhope, Alabama, are his "homes, properties, [and] mineral rights" because they are "birthrights inhe[rit]ance heir property" according to the Covington County Probate Court records.  (Doc. 2

4

at 3-4). Defendant Rance Reehl Coldwell Bank Real Estate is identified as "the agent that [sold] trust property from 28,000 B.C., 1400 A.D. and 1408 A.D." and is alleged to be responsible for the violations of Plaintiff's constitutional rights. (Doc. 5 at 2). However, the complaint and amendments are wholly devoid of allegations of a physical injury connected to Plaintiff; therefore, they fail to meet § 1915(g)'s "imminent danger of serious physical injury" exception.

**III. Conclusion.**

Because Plaintiff cannot avail himself of § 1915(g)'s exception and did not pay the $400.00 filing/administrative fee[2] at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice, and it is so recommended. Dupree, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (same), cert. denied, 535 U.S. 976 (2002).

---

[2] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a). As of December 1, 2016, the Judicial Conference also imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, *Jud. Conf. Schedule of Fees*, No. 14.

5

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination

is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **January, 2019.**

          **/s/ SONJA F. BIVINS**
        **UNITED STATES MAGISTRATE JUDGE**